## MATTHEW P. JAMIESON *v.* STATE OF CONNECTICUT MILITARY DEPARTMENT ET AL.
### (AC 32424)

DiPentima, C. J., and Robinson and Bishop, Js.

Argued September 20—officially released November 22, 2011

*Lawrence G. Widem,* assistant attorney general, with whom, on the brief, were *George Jepsen,* attorney general, and *Philip M. Schulz,* assistant attorney general, for the appellant (named defendant).

*James M. Quinn,* for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant state military department[1] appeals from the judgment of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner for the first district (commissioner) concluding that the plaintiff, Matthew P. Jamieson, was entitled to benefits pursuant to General Statutes § 5-145a.[2] On appeal, the defendant

---

[1] GAB Robins North America, Inc., the workers' compensation administrator for the state of Connecticut, also is a defendant in this case but has not participated in this appeal. In the interest of simplicity, we refer to the state military department as the defendant throughout this opinion.

[2] General Statutes § 5-145a provides in relevant part: "Any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death . . . to any state employee designated as a hazardous duty employee pursuant to an applicable collective bargaining agreement who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of such condition, shall be presumed to have been suffered in the performance of his duty and shall be compensable in accordance with the provisions of chapter 568, except that for the first three months of compensability the employee shall continue to receive the full salary which he was receiving at the time of injury in the manner provided by the provisions of section 5-142. . . ."

claims that the board incorrectly (1) affirmed the commissioner's determination of the date of the plaintiff's injury and, consequently, ordered it to pay workers' compensation benefits that should have been attributed to the plaintiff's federal employer and (2) rejected its claim that the plaintiff was a lent federal employee as of the date of the claimed injury. We disagree and, accordingly, affirm the decision of the board.

The record reflects the following facts, as found by the commissioner, and procedural history. In September, 2006, the plaintiff was employed as a firefighter by the defendant where he worked an average of forty hours per week. As a condition of his employment with the defendant, the plaintiff also was a firefighter with the Connecticut Air National Guard. For the Connecticut Air National Guard, the plaintiff reported for duty one weekend per month and for an annual two week deployment. In both capacities, the plaintiff reported to the same supervisor, Chief Robert Cross,[3] at Bradley International Airport.

On September 5, 2006, the plaintiff was directed by Cross to undergo a physical examination. During that examination, George W. Moore, a physician, detected that the plaintiff's heartbeat was irregular and diagnosed the plaintiff with atrial fibrillation. Following this examination, the plaintiff returned to work. He testified that he informed Cross of Moore's diagnosis and that, as a result, Cross sent him home.

On the next day, September 6, 2006, on the advice of Moore, the plaintiff was seen by his primary care

---

[3] Presumably in furtherance of its claim that the plaintiff was a federal employee on the date of his injury, the defendant attempted to elicit testimony from Cross that the plaintiff was a federal employee. Cross indicated that he, himself, is a federal employee, but he reports to the governor of the state of Connecticut. Because we conclude that the commissioner properly determined the date of the plaintiff's injury, we need not assess whether the plaintiff was a federal employee when serving in the Connecticut Air National Guard.

physician, Mark A. Robbin. Robbin referred the plaintiff to Steven E. Lane, a cardiologist, who examined the plaintiff on September 7, 2006. Like Moore, Lane also opined that the plaintiff was suffering from atrial fibrillation.

The plaintiff reported for his monthly active duty with the Connecticut Air National Guard on the weekend of September 9 and 10, 2006. On September 10, 2006, the plaintiff was engaged in a fire equipment training drill when he exhibited shortness of breath and fatigue, which were determined to be a result of atrial fibrillation. The plaintiff did not at any time thereafter resume his firefighter duties with either the defendant or the Connecticut Air National Guard.

On January 18, 2007, the plaintiff's union representative filed a notice of claim for compensation on behalf of the plaintiff. The form listed the defendant as the plaintiff's employer and September 10, 2006, as the date of injury. In describing the injury, the notice indicated that the plaintiff "was engaged in a structural firefighting training evolution when he experienced chest pain. He was transported to . . . [the hospital] for treatment of an irregular heartbeat." The defendant filed a notice that it contested the plaintiff's claim on the ground that the plaintiff was not working for the defendant on September 10, 2006, but, rather, "was participating with the [Connecticut] Air National Guard when he sustained heat exhaustion." On June 29, 2007, the plaintiff's attorney filed another claim for compensation on behalf of the plaintiff, also listing the defendant as the employer and September 10, 2006, as the date of injury, but elaborating that the plaintiff "was diagnosed with atrial fibrillation and atrial flutter in a physician's exam [on] 9/4/06. This is a claim under . . . § 5-145a."

Prior to the formal hearing before the commissioner, the parties stipulated that, as a firefighter employed by

the defendant, the plaintiff came within the class of hazardous duty employees eligible for benefits pursuant to § 5-145a, which provides benefits for disability relating to hypertension or heart disease for certain state employees. The defendant, nevertheless, argued that September 10, 2006, was the date of the plaintiff's injury and that, because the plaintiff was performing duties in his capacity as a member of the Connecticut Air National Guard on that date, the federal government was responsible for compensating the plaintiff for his injury. The parties stipulated that the plaintiff submitted to a physical examination prior to being employed by the defendant and that that examination did not reveal any irregularities with his heart and that, if it had, he would not have been hired.

Following an evidentiary hearing and the submission of briefs and proposed findings by the parties, the commissioner found that the plaintiff was diagnosed with atrial fibrillation on September 5, 2006, that he did not have heart disease prior to his employment with the defendant and, therefore, that his heart disease was presumed to be a compensable work injury pursuant to § 5-145a. In addition, the commissioner found that the plaintiff "did not suffer a work injury as it is described in . . . § 5-145a on September 10, 2006," but that he was temporarily totally disabled after his September 5, 2006 diagnosis. The commissioner found that the defendant's claim that the date of injury was September 10, 2006, a date on which he was working for the Connecticut Air National Guard, did not rebut the statutory presumption that the plaintiff's injury, atrial fibrillation, developed in the course of his employment with the defendant.[4]

---

[4] The commissioner also found that the date of injury listed on the two notice of claim forms submitted by the plaintiff constituted a "defect or inaccuracy" of the notices, as contemplated by General Statutes § 31-294c (c), and that the plaintiff gave "frequent and adequate" notice to the defendant of the date under which he was proceeding. The board affirmed that finding. The defendant has not challenged that factual finding on appeal.

The commissioner concluded that the plaintiff had sustained a compensable injury while employed by the defendant and awarded the plaintiff temporary total and temporary partial benefits, in addition to benefits based on a 30 percent permanent partial disability of the heart. The board affirmed the commissioner's decision, and this appeal followed.

"The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board." (Citations omitted; internal quotation marks omitted.) *Tracy* v. *Scherwitzky Gutter Co.*, 279 Conn. 265, 272, 901 A.2d 1176 (2006). With these principles in mind, we turn to the defendant's claims on appeal.

I

The defendant first claims that the commissioner improperly determined the date of the plaintiff's injury and, consequently, ordered it to pay the federal employer's share of the plaintiff's workers' compensation benefits.[5] The defendant claims that the evidence presented

---

[5] The defendant argues that this is a dual employment case. The commissioner, however, specifically determined that the plaintiff suffered his injury in the course of his employment as a firefighter with the defendant. The commissioner found, and the record supports, that the plaintiff worked an average of forty hours per week for the defendant and only one weekend per month and an annual two week deployment for the Connecticut Air National Guard. On that basis, the commissioner concluded that the plaintiff was not entitled to any federal workers' compensation benefits. The board affirmed the commissioner's finding that the plaintiff spent the "vast majority" of his employment with the defendant. The record supports that finding, and the defendant does not challenge that factual finding on appeal. The defendant, nevertheless, contends that the Connecticut Air National Guard,

before the commissioner would support only an award for an injury sustained on September 10, 2006, a day on which the plaintiff was working for the Connecticut Air National Guard as a federal employee.[6] On that basis, the defendant argues, the court improperly ordered it to pay benefits that were the responsibility of the federal government.[7] We disagree.

It is well settled that "[§] 5-145a provides a benefit for the heart disease of those employees who work in designated categories of employment legislatively determined to be especially stressful and who had a physical examination at the time employment commenced showing no evidence of heart disease. If these preconditions are met, their combined effect is to create a presumption that subsequent heart disease has been suffered in the performance of his duty." (Internal quotation marks omitted.) *Salmeri* v. *Dept. of Public Safety*, 70 Conn. App. 321, 336–37, 798 A.2d 481, cert. denied, 261 Conn. 919, 806 A.2d 1055 (2002).

It is undisputed that the plaintiff was working for the Connecticut Air National Guard on September 10, 2006, and that he was forced to seek medical attention on that date for symptoms related to his heart condition.

as a federal employer, must bear the entire responsibility for the plaintiff's injury. The defendant has not, however, provided any support for this argument.

[6] To the extent that the defendant challenges the commissioner's factual finding that the plaintiff timely disclosed his ailment to his supervisor, such a finding may only be reversed if it is not supported by the record. Because the plaintiff testified that he informed Cross of his diagnosis on the same day that he learned of it, we cannot conclude that the commissioner's finding was clearly erroneous.

[7] The defendant asserts that the plaintiff's claims are preempted by virtue of his federal employment with the Connecticut Air National Guard. The defendant, however, provides no support for this claim. To the extent that the defendant claims that the commissioner did not have jurisdiction to order the defendant to pay the federal government's share of benefits owed to the plaintiff, our review of the record reveals that the commissioner did not make such an order.

The board concluded, however, that the record supported the commissioner's conclusion that the plaintiff's cardiac disease was a progressive ailment sustained during the course of his employment with the defendant and that he had received a diagnosis of that disease prior to September 10, 2006. As the board noted, "the commissioner found that the events of September 10, 2006, were not a 'work injury' as defined in § 5-145a . . . and were only a manifestation of the [plaintiff's] previously diagnosed atrial fibrillation." This finding is supported by medical evidence submitted by the plaintiff, all of which supports the commissioner's determination that the plaintiff developed his cardiac condition or, in other words, sustained his work related injury, prior to September 10, 2006. The board therefore concluded that the September 10, 2006 date was immaterial and that the commissioner had jurisdiction over the plaintiff's claim. On the basis of the foregoing, we conclude that the board properly affirmed the commissioner's determination that September 5, 2006, was the date of the plaintiff's injury.

## II

The defendant also claims that the board improperly rejected its claim that the plaintiff was a lent employee within the ambit of General Statutes § 31-292. As such, the defendant argues, the plaintiff must pursue his claim for benefits in a federal forum. Section 31-292 provides: "When the services of a worker are temporarily lent or let on hire to another person by the person with whom the worker has entered into a contract of service, the latter shall, for the purposes of this chapter, be deemed to continue to be the employer of such worker while he is so lent or hired by another." Because the defendant failed to introduce any evidence of the relationship between the defendant and the Connecticut Air National Guard, we, like the board, are unable to assess the merits of this claim.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.